UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| CYNTHIA CATHERINE PRICE, et al., Plaintiffs-Appellants, v. UNITED STATES OF AMERICA, et al., Defendants-Appellees. | No. 26-5048 Civ A. No. 25-0795 |

**REPLY TO APPELLANT'S OPPOSITION TO
MOTION FOR SUMMARY AFFIRMANCE**

The district court properly dismissed Appellants' Federal Tort Claims Act ("FTCA") and Privacy Act claims for failure to state a claim. These claims arise from Appellants' conviction stemming from the events on January 6, 2021, at the United States Capitol, and are premised on alleged improper representations made when obtaining a warrant for Facebook data later used during their criminal trial. Specifically, Appellants claim the Government did not filter the Facebook data as required by the warrant and misrepresented their compliance to the courts. Their FTCA claims were dismissed because they were premised on misrepresentations and so jurisdictionally barred. Their Privacy Act claims were dismissed since they fell far short of alleging willful or

intentional conduct and did not allege any actual damages. Nothing in Appellants' Response in Opposition (App. Resp., Doc. #2166850) cures the defects in their pleadings.

As to the FTCA claims, these are jurisdictionally barred because they are based on alleged misrepresentations made to judges during a criminal proceeding regarding a warrant and the subsequent use of that information. (Motion for Summary Affirmance ("MSA"), Document # 2165093, at 7–11). Despite Appellants' repeated attempts to reframe their Amended Complaint as a challenge to the legality of the warrant itself, (App. Resp. 1–2), framing is irrelevant under the FTCA; only the substance of the allegations matters. "In assessing the nature of [the] claim, . . . [the Court] must scrutinize the alleged cause of [the] injury." *Kugel v. United States,* 947 F.2d 1504, 1507 (D.C. Cir. 1991); *see also Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994) ("If the conduct upon which a claim is based constitutes a claim 'arising out of' any one of the torts listed in section 2680(h), then the federal courts have no jurisdiction to hear that claim."); 28 U.S.C. § 2680(h) (exempting deceit and misrepresentation claims from FTCA waiver). And the substance of the claim remains that the DOJ allegedly misrepresented its compliance

with the warrant during criminal proceedings. Appellants even concede that their claim hinges on an "[a]ccurate representation" of compliance with the warrant's conditions. (App. Resp. at 3). Because the claims are fundamentally rooted in alleged misrepresentation, the district court lacked jurisdiction and so correctly dismissed them.

Appellants' Privacy Act claims are defective because they do not allege willful conduct or actual damages.

First, the Privacy Act claims fail because they do not allege willful conduct. As the trial court properly found, Appellants fall far short of showing that the Government acted "wholly 'without grounds for believing' its conduct was authorized under the Privacy Act." (R.11 at p. 9) (quoting *Albright v. United States*, 732 F.2d 181, 189 (D.C. Cir. 1984)). While Appellants argue that the Government used information from the warrant repeatedly, they fail to credibly allege that the Government knew it was in non-compliance. (App. Resp. 3–4). This is particularly so because the criminal trial court found that the Government complied with the Stored Communications Act. (MSA at p. 17). Due to the lack of a credible allegation of willful or intentional conduct, the Privacy Act claims fail.

-3-

Further, Appellants failed to allege the actual damages necessary to sustain their Privacy Act claims. (App. Resp. p. 4). The trial court correctly determined that Appellants failed to show how improper filtering led to their conviction; at most, the alleged lack of filtering resulted in the disclosure of irrelevant information that would not have changed the trial's outcome. (MSA at 13–15). Appellants' argument that damages exist because none of the information should have been used without filtering is a red herring, as they provide no explanation for why a failure to filter would render all evidence inadmissible at trial. (App. Resp. at 4). Nor do Appellants credibly allege how any improper filtering caused them reputational harm stemming from their prosecution and convictions. (App. Resp. 24). Thus, while Appellants may have damages stemming from their conviction, they do not credibly allege their conviction stemmed from improper filtering of information obtained by the warrant.

Because Appellants' FTCA and Privacy Act claims fail to state a claim upon which relief can be granted, this Court should summarily affirm the district court's order dismissing the Amended Complaint.

\* \* \*

-4-

JEANINE FERRIS PIRRO
United States Attorney

JOHNNY H. WALKER, III
Assistant United States Attorney

*/s/ Zachariah Lindsey*
ZACHARIAH LINDSEY
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-6612
zachariah.lindsey@usdoj.gov

*Attorneys for the United States of America*

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that foregoing complies with Federal Rule of Appellate Procedure 27(d)(2)(C), in that it contains 696 words, is in fourteen-point font and utilizes Century Schoolbook typeface.

*/s/ Zachariah Lindsey*
ZACHARIAH LINDSEY
Assistant United States Attorney

## <u>CERTIFICATE OF SERVICE</u>

I certify that today, April 24, 2026, the foregoing has been served on the appellants through the Court's CM/ECF system.

*/s/ Zachariah Lindsey*
ZACHARIAH LINDSEY
Assistant United States Attorney